UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:

GLYNDIA CARTER;

Debtor(s)

CHAPTER 13
CASE NO. 17-80383-CRJ-13

## ORDER CONDITIONALLY DENYING RELIEF FROM STAY

This matter came before the Court on November 13, 2017 upon the Motion of Specialized Loan Servicing LLC seeking relief from the automatic stay imposed by 11 U.S.C. § 362, as the same relate(s) to the enforcement of the lien of Specialized Loan Servicing, LLC and its assigns, against property of the Debtor(s) located at: 104 Suffield St., Athens, AL 35611.

At the hearing, the Court was informed that the parties reached an agreement, and based upon the agreement of the parties, the Court finds that good cause exists to modify the stay. It is therefore

ORDERED, ADJUDGED and DECREED that the Motion of Specialized Loan Servicing, LLC is CONDITIONALLY DENIED, conditioned upon the following:

1. The Debtor's post-petition arrearage owed to Specialized Loan Servicing, LLC in the aggregate amount of $2,860.90 which represents payments due for July 2017 – November 2017 at $572.18 each, is to be placed back into the Chapter 13 Plan. The Plan is amended to include, and Specialized Loan Servicing, LLC is hereby allowed to file a claim for, the post-petition arrearage. Debtor shall retain the right to object to the proof of claim if they can produce evidence to contest the amount of arrearage owed. The Trustee is authorized to modify the Plan. The interest rate to be paid on the claim, if any, shall be stated on the claim.

2. The Debtor shall resume her regular monthly mortgage payments due Specialized Loan Servicing, LLC beginning with the December 2017 payment, and continuing each successive month thereafter, as the payments fall due each month, until the mortgage obligation with Specialized Loan Servicing, LLC, or its assigns, has been satisfied.

3. Should the Debtor default under the terms of this Order or the terms of the mortgage contract by the failure to make a payment to the Creditor within thirty (30) days of the payment due date, then the Creditor shall give the Debtor, the Debtor's attorney, and the Chapter 13 Trustee notice that payments have not been made pursuant to the Order.

4. The Debtor shall have twenty (20) days from the date of the notice to cure the default with the Creditor or to file an objection to the default notice with the Court. If the default is not cured and an objection is not filed within the twenty (20) days, relief from the Stay is granted without further Order from the Court. If the Debtor or the Chapter 13 Trustee files such an objection, the stay will remain in effect until the hearing on the objection. If the Debtor cures the default prior to end of the twenty (20) day period, the Creditor shall withdraw their Notice of Default.

5. Once relief has been granted, Specialized Loan Servicing, LLC will no longer file any additional Payment Change Notification or Post-Petition Fee Notification in conjunction with the aforementioned loan in the case of the entry of the relief Order in conjunction with the loan.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the

automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Dated this the 15th day of November, 2017.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Consented to by:

John C. Larsen
Attorney for Debtor(s)

Michele T. Hatcher
Chapter 13 Trustee

This Order was prepared by:
Evan Eberhardt
Jauregui & Lindsey, LLC
Attorney for Specialized Servicing, LLC